IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie J. Smith,                              )<br>                                                    )<br>                        Plaintiff,       )<br>        v.                                         )<br>                                                    )<br>Michael J. Astrue, Commissioner of  )<br>Social Security,                             )<br>                                                    )<br>                        Defendant.     )<br>_____ ) | C/A No. 3:10-540-JFA-JRM<br><br>ORDER |

The plaintiff, Willie J. Smith, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The plaintiff has filed timely objections to the Report which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, and summarized as follows. The plaintiff alleges disability as of January 1, 2003, due to a

3

heart attack, an aneurysm, hypertension, gout, and diabetes.

The plaintiff's applications for DIB and SSI, filed January 24, 2006, were denied initially. The plaintiff requested reconsideration only on the DIB claim, which was denied. The Administrative Law Judge (ALJ) issued a fully favorable decision without a hearing on June 11, 2008. The ALJ noted that plaintiff had amended his alleged onset date to September 1, 2006 and that plaintiff was last insured for DIB purposes on December 31, 2006 through the date of the ALJ's decision.

Then, on August 18, 2008, the Operations Office of the Social Security Administration operations office advised the Office of Disability Adjudication and Review, that it could not process the ALJ's June 11, 2008 decision because the plaintiff was not insured for purposes of DIB as of the onset date established by the ALJ— the plaintiff last met the insured requirement on December 31, 2003, not December 31, 2006.

The Appeals Council notified the plaintiff that it was reopening the ALJ's June 2008 decision. The Appeals Council issued an unfavorable decision on December 24, 2008 finding that the plaintiff did not qualify for a period of disability beginning September 1, 2006. In addition, the plaintiff's amended alleged onset date of September 1, 2006 was changed back to January 1, 2003. The plaintiff submitted additional information, and the Appeals Council reversed the ALJ's decision, remanding the case back to the ALJ for further proceedings to determine whether the plaintiff was disabled prior to his last date insured (December 31, 2003).

Upon remand, the ALJ held two hearings at which the plaintiff appeared and testified without counsel. On July 30, 2009, the ALJ issued a decision finding that the plaintiff was

4

not disabled from the originally alleged onset date (January 1, 2003) to the time the plaintiff was last insured (December 31, 2003).

The Appeals Council denied plaintiff's request for a review on January 8, 2010, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff filed this action on March 5, 2010, seeking judicial review of the Commissioner's final decision.

### The ALJ's Findings

Applying the five step sequential evaluation mandated by the Commissioner's regulations for determining disability, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of January 1, 2003, through his date last insured of December 31, 2003. The ALJ found that, through the date Plaintiff was last insured for DIB, his medically determinable impairments consisted of hypertension and gout. At step two, the ALJ found that, through the date Plaintiff was last insured for DIB, he did not have an impairment or combination of impairments that significantly limited the ability to perform basic work related activities for 12 consecutive months; therefore, the ALJ found Plaintiff did not have a severe impairment or combination of impairments, and accordingly found Plaintiff was not disabled at any time from January 1, 2003 (the alleged onset date) through December 31, 2003 (the date last insured).

### The Plaintiff's Claims of Error

In this suit for judicial review, the plaintiff contends that the ALJ's decision is not supported by substantial evidence, and that the ALJ erred in his analysis of the plaintiff's credibility regarding allegations of pain.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge finds that the Commissioner's decision is based upon substantial evidence and free of legal error and that the decision should be affirmed. For the reasons stated below, the court adopts the Magistrate Judge's recommendation and affirms the Commissioner's decision.

DISCUSSION

Although this court may make a de novo review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

For purposes of this review, the expiration date of plaintiff's insured status is December 31, 2003. His alleged onset of disability is January 1, 2003. Therefore, to qualify for DIB, the plaintiff must show that he became disabled prior to December 31, 2003 which was the expiration date of his insured status. *See Johnson v. Barnhart*, 434 F.3d 650, 655–56 (4th Cir. 2005).

*Substantial Evidence*

As the Magistrate Judge notes in his Report, the plaintiff appears to allege that the ALJ's decision is not supported by substantial evidence because the ALJ found that the plaintiff had no severe impairments prior to his date last insured (December 31, 2003). Specifically, the plaintiff contends that it is clear from the medical records that his problems with gout and hypertension began prior to his last date insured.

6

The Magistrate Judge opines that the ALJ properly considered the plaintiff's impairments which were present during the period at issue (including hypertension and gout), and determined that the impairments were not severe at that time. Further, the Magistrate Judge notes that whether the plaintiff could work in May 2005, 2006, or 2007 is irrelevant because these incidents that the plaintiff complains of pertain to a period well after the plaintiff's date last insured. The Magistrate Judge also suggests that the ALJ carefully protected the rights of the plaintiff during the 2009 hearing where the plaintiff was without counsel.

The plaintiff objects to the Magistrate Judge's recommendation, suggesting that plaintiff's prior counsel (during the first application) erred in changing the alleged onset date from January 1, 2003 to September 1, 2006 for the purpose of obtaining benefits more rapidly. The plaintiff suggests that there is evidence in the record that plaintiff was disabled before December 31, 2003.

The ALJ, upon remand, allowed the plaintiff to present medical evidence and to attend hearings in an effort to show he was disabled prior to December 31, 2003. However, the plaintiff was unable to meet his burden of proving disability. The court agrees with the Magistrate Judge that the ALJ's decision was based on substantial evidence and without error.

*Plaintiff's Credibility*

The ALJ discredited the plaintiff's allegations that prior to December 2003 the plaintiff had flare-ups of gout that put him in bed and that lasted three to four weeks at a time. In assessing the plaintiff's credibility, the ALJ properly considered whether there was

7

objective medical evidence which could reasonably be expected to cause pain, and if such evidence existed, then the ALJ considered the plaintiff's subjective complaints of pain, along with all of the evidence in the record. The ALJ found that the plaintiff had failed to take his blood pressure medications as prescribed and that the plaintiff had not sought treatment at the relevant times.

In his objections to the Report, the plaintiff generally contends that without a clear reason to the contrary, the ALJ cannot simply dismiss a claimant's allegations of pain. However, the court agrees with the Magistrate Judge that no error occurred because the ALJ properly considered the plaintiff's credibility. Moreover, the ALJ cited substantial evidence and valid explanations supporting his credibility finding regarding the plaintiff (i.e., non compliance with treatment; inconsistencies between the plaintiff's subjective complaints and the objective medical evidence; and lack of treatment).

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds the Report is proper and is incorporated herein by

reference. Accordingly, the Commissioner's decision is affirmed.

    IT IS SO ORDERED.

September 9, 2011　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　United States District Judge